**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED DONALDSON, | |
| Petitioner, | Civ. No. 23-23348 (GC) |
| v. | |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondent. | |

Petitioner Alfred Donaldson ("Petitioner") is a federal prisoner who has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion"). (ECF No. 1.) In an order dated February 16, 2024 ("OTSC") (ECF No. 2), the Court provided Petitioner with the required notice pursuant to *United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999) ("*Miller* notice") and directed Petitioner to show cause within 45 days as to why his Motion should not be dismissed as untimely (ECF No. 2.) Petitioner has filed no response to the OTSC. For the following reasons, Petitioner's Motion is summarily dismissed due to untimeliness and a certificate of appealability shall not issue.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In its OTSC, the Court previously noted the relevant factual and procedural history of this case as follows:

> On September 24, 2019, Petitioner pleaded guilty to possessing a firearm as a convicted felon under 18 U.S.C. § 922(g)(1) and distributing a controlled substance under 21 U.S.C. § 841(A)(1) & (B)(1)(c). (Crim. No. 19-672, ECF No. 15.) On November 16, 2020, the Honorable Anne E. Thompson sentenced Petitioner to 100 months imprisonment followed by three years of supervised release. Petitioner's judgment of conviction was entered

> on November 17, 2020. (ECF Nos. 28-29.) Petitioner did not file a direct appeal.
>
> More than three years later, on or about December 18, 2023, Petitioner filed the instant Motion, arguing that his § 922(g) conviction violates his Second Amendment rights and asking the Court to vacate that conviction. (*See* ECF No. 1, § 2255 Motion at 4; *see also* ECF No. 1-1, Memorandum of Law at 1-6.) Petitioner also appears to contend that his attorney provided ineffective assistance in failing to challenge his § 922(g) conviction as unconstitutional. (Motion at 4.)

(OTSC at 2-3.)

In its OTSC, the Court provided Petitioner notice in accordance with *Miller* that he had two options: (a) have his Motion considered as his all-inclusive § 2255 motion, or (b) withdraw his pending Motion and file an amended § 2255 motion, which includes all available federal claims, provided that he files the amended all-inclusive § 2255 motion within 45 days of the date of the OTSC. (*Id.* at 9.) He was further ordered to show cause within 45 days of the date of the OTSC as to why his Motion should not be dismissed for the reasons stated in the OTSC, and it was specifically noted that he may provide any facts in support of equitable tolling he wishes the Court to consider. (*Id.*) Alternatively, he may elect to withdraw the Motion without prejudice to his filing of a new motion at a later date if the Supreme Court were to announce a new rule with respect to § 922(g)(1) convictions that is retroactive on collateral review. (*Id.* at 8-9 & n.5.) The Court ordered that, if Petitioner did not respond to the OTSC, the Court would screen the Motion for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings and that the Motion may be dismissed as untimely at screening. (OTSC at 9.) Petitioner was further notified that, if he did not withdraw the Motion and it was dismissed as untimely, he would be barred from filing a new § 2255 motion in the District Court without permission from the Third Circuit. (*Id.* at 9 n.5.)

## II.    <u>LEGAL STANDARD</u>

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.    <u>DISCUSSION</u>

The Court previously explained the relevant law regarding the timeliness of Petitioner's Motion as follows:

> Petitioner seeks to vacate his § 922(g) conviction pursuant to 28 U.S.C. § 2255. A federal prisoner may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The one-year period generally "begins to run on the date on which the defendant's conviction and sentence become 'final.'" *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (where appeal not filed, judgment becomes final when the time to appeal expires). As relevant here, a federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).
>
> . . . .
>
> In his Motion, Petitioner relies on the right(s) recognized in [*New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022),] and [*Range v. Attorney General*, 69 F.4th 96 (3d Cir.

3

2023) (en banc), *vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024),] to argue that his § 922(g) conviction is unconstitutional and must be vacated and also alleges that his attorney was ineffective for failing to argue that his § 922(g) conviction was unconstitutional. The Court assumes that Petitioner relies on 28 U.S.C. § 2255(f)(3). . . .

. . . .

Here, however, the Court need not decide the issue [whether *Bruen* announced a new rule that is retroactive on collateral review with respect to § 922(g)(1) convictions] because Petitioner did not file his Motion within one year of *Bruen*, and the Motion is untimely. Under § 2255(f)(3), the one year limitations period begins running on "the date on which the right asserted was initially recognized by the Supreme Court...," 28 U.S.C. § 2255(f)(3). Thus, under the plain language of 28 U.S.C. § 2255(f)(3), a § 2255 motion based on a new right must be filed within one year of the Supreme Court's decision recognizing that right. At best, Petitioner handed his Motion to prison officials for filing on December 18, 2023, nearly 18 months after the Supreme Court decided *Bruen*. And the Third Circuit's decision in *Range*, which applied *Bruen*'s holding to § 922(g), is not a "new rule" under 28 U.S.C. § 2255(f)(3) and does not reset Petitioner's limitations period.

Plaintiff also contends that his attorney was ineffective for failing to recognize that his § 922(g) conviction was unconstitutional under the Second Amendment and for failing to raise this issue on appeal. The District Court entered Petitioner's judgment of conviction on November 17, 2020, and the Supreme Court decided *Bruen* more than 19 months later on June 23, 2022. The Third Circuit decided *Range* on June 6, 2023, more than 30 months after Petitioner's judgment of conviction. Nevertheless, to the extent that Petitioner's attorney should have anticipated this change of law at the time of Petitioner's plea and/or conviction, these ineffective assistance claims are also untimely under 28 U.S.C. § 2255(f)(1).

Petitioner acknowledges that he filed his Petition outside the one-year limitations period and asks for equitable tolling because he is "an untrained pro se litigant" and because he filed his Petition within one year of the Third Circuit's decision in *Range*. (Motion at 10.) To receive the benefit of equitable tolling, a petitioner must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d

4

>Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of limitations. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Petitioner has not presented any extraordinary circumstances that stood in the way of timely filing or provided facts showing that he was reasonably diligent. Although Petitioner also mentions *Range*, that decision does not provide a basis for equitable tolling.

(OTSC at 3-4, 7-8.)

This Court gave Petitioner the opportunity to respond to its timeliness analysis under 28 U.S.C. § 2255(f)(1) and (f)(3) and the equitable tolling doctrine, to establish whether equitable tolling could save his Motion, or to provide any other arguments he wishes the Court to consider.[1] (OTSC at 8-9.) Alternatively, he was permitted to withdraw his Motion without prejudice to his filing a new motion if the Supreme Court were to announce a new rule with respect to § 922(g)(1) convictions that is retroactive on collateral review. (*Id.*) He was also provided the option to withdraw his pending Motion and file an all-inclusive § 2255 motion. (*Id.*) However, Petitioner did not respond to this Court's OTSC. Accordingly, the Court dismisses Petitioner's Motion as untimely.

## IV.     **CERTIFICATE OF APPEALABILITY**

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a

---

[1] The Court further notes that, on July 2, 2024, the Supreme Court vacated the judgment in *Range* and remanded the case to the Third Circuit for further consideration in light of *United States v. Rahimi*, 144 S. Ct. 1889 (2024). *Garland v. Range*, 144 S. Ct. 2706 (2024).

5

certificate of appealability shall not issue as jurists of reason would not debate the untimeliness of Petitioner's habeas petition.

## V.     CONCLUSION

For the foregoing reasons, Petitioner's Motion is summarily dismissed due to untimeliness. A certificate of appealability shall not issue. An appropriate Order will be entered.

DATED: September, 30, 2024

GEORGETTE CASTNER
United States District Judge